IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALORA STILL, *et al.*, | ) | |
| | ) | CASE NO. 4:18-cv-01990 |
| Plaintiffs, | ) | |
| | ) | JUDGE PAMELA A. BARKER |
| v. | ) | |
| | ) | **ORDER GRANTING APPROVAL OF** |
| BELMONT CONFECTIONS, INC., *et al*, | ) | **FLSA SETTLEMENT** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Parties' Amended Joint Motion for Approval of FLSA Settlement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).[1] The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by Representatives Alora Still and James Hobbs (the "Representative Plaintiffs"), and Defendants Belmont Confections, Inc. and PeopleReady, Inc. ("Defendants") and memorialized in the Joint Stipulation Regarding FLSA and Class Action Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declarations of Robi J. Baishnab and Hans A. Nilges, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Collective Action Settlement, the Agreement as it applies to the FLSA, the proposed Service Award to the Representative Plaintiffs Alora Still and James Hobbs, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Amended Settlement Agreement.

---

[1] *See also* ECF Nos. 100 to 104, and December 13, 2019 Order [non-document].

2. On March 11, 2019, Plaintiff Still filed a Third Amended Complaint adding PeopleReady, Inc. as a Defendant and James Hobbs as another Named Plaintiff.[2]

3. In its business in Youngstown, Ohio, Belmont uses staffing agencies, including: Express Employment Professionals a/k/a Express Services, Inc.; Callos Resource LLC; and Staff Right a/k/a Staff Right Manufacturing Services, Inc.; and PeopleReady. On March 25, 2019, Belmont Answered to the Third Amended Complaint.[3] On April 10, 2019, PeopleReady Answered the Third Amended Complaint.[4]

4. Defendants Belmont Confections, Inc. and PeopleReady, Inc. (collectively referred to herein as "Defendants") denied and continue to deny that they violated any federal or state law, breached any duty, failed to pay any employees as required by the FLSA or any state law, engaged in any other unlawful conduct with respect to any of its employees, including, but not limited to, the allegations that were raised, or could have been raised, in the Action, and a *bona fide* dispute exists between the Parties regarding the amount of compensation, if any, owed to the Ohio Rule 23 Class Members and/or the FLSA Class Members.

5. Pursuant to Section 16(b) of the FLSA, Notice was sent on April 17, 2019, with the Notice Period closing on June 1, 2019.[5] Notice issued to approximately 2,955 individuals.[6]

6. The Parties exchanged and analyzed voluminous timekeeping and payroll records.

7. On June 4, 2019, the Parties participated in mediation before Mediator Jerome Weiss. With continued facilitation by Mediator Weiss, the Parties reached a settlement on August

---

[2] ECF No. 42.
[3] ECF No. 47.
[4] ECF No. 49.
[5] ECF Nos. 16, 41, 44 to 46, and 52.
[6] ECF No. 52.

30, 2019, the terms of which are reflected in the Agreement fully and finally settles and resolves this action and result in the dismissal of this lawsuit, with prejudice.

8. The FLSA Collective Action Settlement will cover the FLSA Class Members and respective individual FLSA class member payments as listed in Exhibit B of the Settlement Agreement.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation and mediation before a third-party neutral. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiffs and the FLSA Class Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. The Court approves the Agreement and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The release, as set forth in the Agreement, as well as all terms of the Agreement, shall be binding on FLSA Class Representatives and the FLSA Class Members. The Court grants final approval of the FLSA Collective Action Settlement as to the FLSA Class Representatives and the FLSA Class Members.

11. The Court finds that the proposed allocation and calculation of the settlement payments to the FLSA Members are fair and reasonable, and approves the proposed distribution of the settlement payments.

12. The Court dismisses the FLSA claims of the FLSA Class Members and enters final judgment dismissing them from the Action, except to the extent that Representative Plaintiffs shall remain through final approval of the Ohio Rule 23 Class settlement. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Approving FLSA Settlement immediately.

13. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

**SO ORDERED:**

Date: January 24, 2020

*/s/ Pamela A. Barker*
Honorable Pamela A. Barker
United States District Judge