**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALORA STILL**, *et al.*, | ) | CASE NO. 4:18-cv-01990 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | **FINAL ORDER APPROVING RULE 23** |
| | ) | **CLASS ACTION SETTLEMENT** |
| **BELMONT CONFECTIONS, INC.**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Alora Still and James Hobbs, on behalf of themselves and the Class Members ("Plaintiffs"), together with Defendants Belmont Confections, Inc. and PeopleReady, Inc. (hereinafter "Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "Parties") have moved the Court to enter a final order approving, as fair, reasonable, and adequate the Class Action Settlement pursuant to Fed. R. Civ. P. 23(e). The parties request that the Court enter Final Judgment on both the Court's previous order granting final approval of the FLSA portion of the class settlement,[1] as well as entry of a final judgment on the Ohio Rule 23 portion of the class settlement for which final approval is now being requested.

Having reviewed the Amended Joint Motion, Settlement Agreement, the Parties' Joint Motion for Final Approval of Rule 23 Class Action Settlement ("Joint Motion for Approval"),[2] the Declaration of the Settlement Administrator, Jeff Mitchell with Analytics Consulting, LLC, appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

    1.     Unless otherwise defined, all terms used in this Final Order have the same meanings

---

[1] ECF No. 108.
[2] ECF No. 110.

as defined in the Settlement Agreement.

2.     On March 11, 2019, Plaintiff Still filed a Third Amended Complaint adding PeopleReady, Inc. as a Defendant and James Hobbs as the second Named Plaintiff.[3]

3.     On March 25, 2019, Defendant Belmont answered to the Third Amended Complaint.[4] On April 10, 2019, PeopleReady answered the Third Amended Complaint.[5]

4.     Defendants denied and continue to deny all allegations contained in the operative complaint, including that they violated any federal or state law, breached any duty, failed to pay any employees as required by the FLSA or any state law, engaged in any other unlawful conduct with respect to any of their employees, including, but not limited to, the allegations that were raised, or could have been raised, in the Action, and a *bona fide* dispute exists between the Parties regarding the amount of compensation, if any, owed to the Ohio Class Members and/or the FLSA Class Members.

5.     Pursuant to Section 16(b) of the FLSA, Notice was sent on April 17, 2019, with the Notice Period closing on June 1, 2019.[6] Notice issued to approximately 2,955 individuals.[7]

6.     On June 4, 2019, the Parties participated in mediation before Mediator Jerome Weiss. With continued facilitation by Mediator Weiss, the Parties reached a settlement on August 30, 2019, the terms of which are reflected in the Settlement Agreement, which will fully and finally settle and resolve this Action and result in the dismissal of this lawsuit, with prejudice.

7.     The issues in this case were contested. The Settlement Agreement was achieved

---

[3] ECF No. 42.
[4] ECF No. 47.
[5] ECF No. 49.
[6] ECF Nos. 16, 41, 44 to 46, and 52.
[7] ECF No. 52.

after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

8.      On January 10, 2020, the Parties filed their Amended Joint Motion for FLSA Class Settlement and for Preliminary Approval of Rule 23 Class Settlement.[8]

9.      On January 24, 2020, the Court approved FLSA settlement and preliminarily approved the Rule 23 Class Settlement.[9] The Court provisionally certified the Class pursuant to Rule 23(a) and (b)(3), granting preliminary approval of the Settlement Agreement Class pursuant to Rule 23(e), and approving the form, content, and method of distribution of notices to class members of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing. The Court provisionally approved Representative Plaintiffs Alora Still and James Hobbs as class representatives and their Service Awards, appointed as class counsel Hans A. Nilges, Shannon M. Draher, and Robi J. Baishnab of Nilges Draher LLC, and provisionally approved the payment of attorneys' fees to Plaintiffs' Counsel.[10]

10.     On June 4, 2020, the Parties filed their Joint Motion for Final Approval.[11] Appended thereto was a Declaration from the Settlement Administrator, Jeff Mitchell with Analytics Consulting, LLC attesting that the notice process has been completed in the form and manner approved by the Court, Class Action Fairness Act (CAFA) notices were sent out on January 20, 2020, Rule 23 Class Settlement Notices were sent out on February 14, 2020 to the opt-out class members, and the Notice Period closed on May 14, 2020.[12]

---

[8] ECF No. 106. *See also* ECF Nos. 99 to 100, 104, and 107.
[9] ECF Nos. 108 and 109.
[10] ECF No. 109 at ¶¶ 12 to 15.
[11] ECF No. 110.
[12] ECF Nos. 109 at ¶ 17; and 110-2 at ¶¶ 6 and 8.

11.    The Settlement Agreement proposes to settle claims of the Ohio Class Representative and the Ohio Rule 23 Class Members.[13] The Ohio Rule 23 Class Action Settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

12.    The Fairness Hearing on the Ohio Rule 23 Class was convened as noticed on August 25, 2020.

13.    The Court finds that the members of the Ohio Rule 23 Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied all of the requirements of Civ. R. 23 and due process.

14.    As to Representative Plaintiffs and the Ohio Rule 23 Class, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiffs Alora Still and James Hobbs are adequate representatives of the Ohio Rule 23 Class in that they are members of the class and possess the same interests and allegedly suffered the same injuries as the other Class Members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Ohio Rule 23 Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

15.    The Court approves the Settlement Agreement and orders that it be implemented

---

[13] *See* Rule 23 Payment list (ECF No. 106-1 at PageID #: 995-1006).

according to its terms and conditions and as directed herein.

16.     The Court approves the Rule 23 Class Payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

17.     The Court approves the Service Awards to Representative Plaintiffs in recognition of their service in this Action, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

18.     The Court approves the payment of attorneys' fees and costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

19.     The Representative Plaintiffs and the members of the both the FLSA and the Ohio Rule 23 classes release claims against Defendants as provided in the Settlement Agreement.

20.     The Court dismisses this action with prejudice.

21.     The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

22.     The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

23.     There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.


IT IS SO ORDERED this ___25th___ day of ___August___, 2020.

Honorable Pamela A. Barker
United States District Court Judge

- 6 -